19-1423. Mr. Gay, you may begin, sir. I notice that you have reserved four minutes of your time for rebuttal. I did. Do you want to change that? I don't know. You look kind of confused. Do you want to reserve four minutes or more or less? Well, I thought four minutes would be about right. I never guess right. It never ends up being followed anyway. We're going to try to follow it here, okay? So you've got 11 minutes and then four minutes for rebuttal. Okay, thank you. May it please the court. We are here addressing the application of a provision, subsection 300 AA 12D of the Vaccine Act. From my research, I don't believe that this court has ever expressly addressed this provision and there are a lot of petitioners and I assume the government needs some direction from this court on this. So, subsection D2, 300 AA 12. Let me ask you a question. Did you present evidence that the, I guess the child, let's say, had the underlying disorder of mitochondrial disorder? Yes, Your Honor. That was found by his treating doctors. And you presented evidence of that? Yes. Okay. There are two subsections that have to be dealt with. Subsection D and subsection C of 12D, no, two and three. When Congress created subsection D, I'm sorry, Your Honor, but when Congress created subsection D, that was in 1989. What we have in the statute right now as subsection D, you're referring to a decision without an evidentiary ruling. All right. That section came as an entire section in one group. Subsection 2 of that in, subsection 2 of D includes C and D. C says summary judgment is provided for. D says the parties can move for a ruling on the record if the parties, plural, move. Subsection 3. What does it say if the parties move? Subsection. It says in D, it says include the opportunity for parties to submit arguments and evidence on the record without requiring routine use of oral presentations. Right. Parties is plural. And we believe Congress meant it to be plural. And subsection 3. Well, I don't think we can ignore the statute, Your Honor. And I think the statute would trump the rules promulgated by the court, but. Let's get to the statute. Right. So the statute came as a set. And subsection C and D provide for a ruling on the record in subsection D, which happens routinely in the vaccine program. We do that all the time. You're saying subsection D happens all the time. Right. What about subsection C, the summary judgment? Summary judgment has, I have never seen in any of my cases over my 20 years in this program, I'd say it's more than that, almost 30, any of my cases where the summary judgment standard was applied. I've found two cases where it was discussed by this court in Jay and Szymanowski. I'm not pronouncing that right. So I understand your position to be, I think that, you know, D has to be read in light of C. Correct. And that why in the world would anyone use C if D exists? I kind of think those are your themes. Am I right? Right. If somebody can just say, I'm going to ask for a ruling on the record, and I get to choose. And this is the real question for the court, and this is the thing a respondent's brief has not answered at this level or below the claims court. If the moving party just gets to choose, why would they ever choose C? Why give your opponent extra protection in the summary judgment rule? And if the special master, if it's not the moving party, let's say they're arguing, and again, this is not in their brief. They're arguing, well, it's the special master. We can move for a ruling on the record. We can move for a summary proceeding. And then the special master just gets to choose. Well, then what's the standard there? I understand what you're saying. My concern, though, is the plain language of the statute says special masters shall recommend the court of federal claims, da, da, da, such rules shall. And C says include the opportunity for summary judgment in D, which is separate from C. It says include the opportunity for parties to submit arguments and evidence on the record without requiring routine use of oral presentations, cross-examinations, or hearings. They seem to need to be separate proceedings. I'm just, you know, plainly looking at them. And then there's D and there's A and there's E, but they're all separate things. So I'm having a hard time understanding how I'm supposed to read this to say that D is somehow limited by C when none of the other provisions seem to have that sort of relationship. Well, as I said, and as you pointed out, if, when does, let me just take a step back from that and say what we need to know is when do we get to use C? C is in there. Well, you get to use C whenever you want it, but it's probably because the rules are more flexible and don't require the use of the rules of civil procedure, most of you aren't going to use it. Because if you think you have evidence on the record, then you're going to want the special master to rule on the record in your favor and get a more favorable standard of review on appeal than a summary judgment standard. Okay. Well, in this case, the Kreis and Becks wanted to use subsection C. Did you move for summary judgment? No. You wanted to force the government to move for summary judgment, but you don't get to make that call. Well, then if the non-moving party doesn't get the protection of summary judgment rule, when do they get the protection of the summary judgment rule? When you think you have such a clear case that you don't need further development of the record and you want to move for summary judgment. And you get to move for it even though the special master might not think that this is a case, or might not be inclined yet to decide whether to just decide the case on written submission. So if a petitioner wants to foreclose respondent, the government, from having a hearing, all they have to do is say, I'm moving under subsection D. You do not get to have a hearing. You do not get to view the evidence and have the evidence viewed in the light most favorable to the non-moving party. We can do that to them, too, then. Sure, but they get the chance to submit evidence on the record. Well, that's not what happened here. Are you saying that the special master deprived you of the evidence to, or of the ability to submit written evidence on the record in any way? No. I thought your argument was the special master decided, I don't need an oral hearing or oral presentation. What the special master didn't do, which directly violates subsection C, is he did not view the evidence in a light most favorable to the non-moving party. What if he wasn't relying on section C to decide the case, and instead he was relying on section D? All right. Well, then what you're saying is, first off, we didn't move, so it wasn't the parties. So there's that plural versus singular question here. And the statute does not say either party can move for a ruling on the record, even with the opposition of the other party. And so the non-moving party doesn't get the protection of subsection C, the summary judgment rule. It doesn't say that. Right. So that's not what happened. So when, in a situation like this, where one party doesn't petition or respond, moves for a ruling on the record, and the other party says, I'm not going to join you on that. At that point, then the summary judgment, then it is a summary judgment proceeding. One party has moved. The non-moving party gets the protection of summary judgment standard. It's exactly the same as in the civil arena. That's what happens. But it's not, because this rule, this statute makes it clear that the special masters are allowed to ask for more flexible, less adversarial rules. And so it doesn't have to act the way it does in the civil arena. You're absolutely right. Under the federal rules of civil procedure, this doesn't happen. But you're seeming to impose a requirement on subsection D that just by mentioning that the parties, the plural parties, that that means it has to be an uncontested decision to do it on the written record. I don't see anything that says it has to be uncontested. It's saying parties to reference the fact that either party can do it. It doesn't say either party, Your Honor. Yeah, it says the parties, though. It doesn't say uncontested. It doesn't say consent motion to have a trial on the written record. It says as an alternative to summary judgment, because summary judgment is before it, this is. You can also do it on the written record. Then what party would ever move for summary judgment? Well, again, I think probably almost never, because if you think you've got the evidence to support your case, you're going to want the written benefit of a decision by the special master weighing the evidence. But there may be that rare case where you think your evidence is so overwhelmingly good that the government's not going to be able to get any disputed material issues with that. Or the government thinks your evidence is so overwhelmingly inferior that there's no disputed issues of material effect that they don't want to go through all the notion of supplying an extended record. Can I ask you about section D3B? So looking at that same statute, D3B part Roman numeral 3 says that a special master may require the testimony of any person and the production of any documents as may be reasonable and necessary. And then the very next provision, Roman numeral 4, says that that special master shall afford all interested persons an opportunity to submit relevant written information. Why isn't this statutory provision consistent with the idea that a special master, you know, shall, must receive all written information, but only may require testimony and cross-examination? That's consistent with the idea that there's going to be special rules in these proceedings to allow a special master to make a determination on written documentation without following the rules for summary judgment. Well, when Congress passed this subsection, the entire subsection D, they included summary judgment as a provision. And if what you're saying is true, then that particular provision at the discretion of the special master, he can just take that out. He doesn't have to apply that. Is there a difference? I mean, if that logic were to hold, then why would anybody need a hearing? I mean, there are things that we present in a hearing that are important. Hearings are important. We have oral testimony. We can explain things. Mrs. Kreisenbeck could have given her testimony about the history of her son. All of that, I mean, it's not unimportant. It's not only important at the special master level, but it's important at the appellate level. Have there been attempts that you're aware of to go back to Congress to try to get this changed? No, I don't know anybody who has attempted that. But quite, I mean, it expressly says summary judgment in there. And this court in the Szymanski decision talks about those. I mean, it's the holding in this court's Szymanski decision that procedural due process rights of summary judgment proceedings, I mean, that was the reason for this court's holding in Szymanski. I also don't think this is a particularly new, this isn't a new concept either. You're well into your rebuttal time, and I'll restore some of your time. Do you have another question? Counselor Collison. Good morning, and may it please the court, Julia Collison for the Secretary of Health and Human Services in this case. Notably, appellants are not challenging any of the special master's factual or causation determinations here, just his discretion to decide this case without a hearing. As the Court of Federal Claims has determined, well-settled case law establishes that the special master has that discretion to decide a case without a hearing, and that the special master in this case did not abuse his discretion in doing so. How would you respond to your friend's argument that if that's the case, nobody would ever choose summary judgment? As a practical matter, in the vaccine program, summary judgment is very rarely used. Under the rules promulgated by the Court of Federal Claims pursuant to the Act 12D provisions, Rule 8D specifically provides that a special master may decide a case on the basis of written submissions without an evidentiary hearing, and as noted by the Court of Federal Claims going back to 1997 and the special master in this case, that discretion of the special master is tempered by Rule 3B, which directs that the special master afford each party a, quote, full and fair opportunity to present their case, and also directs the special master to create a record that is sufficient to allow review of the special master's decision. Getting back to your question, Judge Hughes, that, in general, in the vaccine program, special masters prefer to allow a full record to be built, and the case law that we have instructs that motions for summary judgment, while they may be filed at any time in the proceedings, they must be used if a party wants to close the record early before the requirements of the 3B. If the claimants here wanted oral testimony and wanted to be able to cross the government's experts and all that kind of stuff, and the special master decided not to, is there review of that decision? Yes, the parties can ask the Court of Federal Claims and then this court to review whether the special master's decision not to hold an evidentiary hearing was an abuse of his discretion. The Court of Federal Claims in this case determined that the special master did not abuse his discretion. They specifically point out that the petitioners in this case had, quote, an ample opportunity to support their claims with written evidence and briefs, unquote, which resulted in a plethora of information. Specifically, the case was pending for 10 years. During the course of that time, 1,500 pages of medical records were submitted into the record. There were three expert reports filed on either side along with attendant medical literature and two sets of full briefing, so pre-hearing briefing and then briefing once the court determined that he would be deciding this case on the papers. Do you have any sense of how often these cases are decided just on the written record as opposed to written record plus live testimony? I have a sense. I asked the department. We do not keep specific statistics on that point, but the statistics that we do have suggest that the opportunity for a judge to decide a case on the record is really very important to the adjudication of vaccine claims in the vaccine program. As was noted at the Advisory Commission for Childhood Vaccinations at their most recent public meeting, more than 1,200 cases a year are filed in the program. The vast majority of those are, in fact, resolved by the parties without a ruling from the special master. However, there are only eight special masters to resolve the remainder of those claims, and at this point in time, when hearings are scheduled, which is frequently, they're being scheduled into 2020 and 2021. And you have no, like, not even a guesstimate or anything on about how many of those cases that aren't settled are decided on written submissions versus decided with the evidentiary hearing? So I do want to make the distinction between a case we consider a settled case, a case that's settled without the input of the special master. There will be a stipulation filed that both parties sign. When an entitlement ruling is issued, that is when a special master has decided the case, either granting or denying entitlement. And I would say the majority of the time a hearing has taken place, but sometimes the special master deems it appropriate to resolve a case without a hearing, as special masters have been doing for the last 30 years within the program. And what the petitioner is really asking for in this case is for the determination of whether the case is closed, whether that Rule 3B requirement has been met, that that discretion be taken away from the special master and reside within the parties. Only the parties get to decide when the case is fully closed. I would just say that effectively takes away the special master's discretion under Rule 8D to ever decide a case without a hearing, as noted by the special master here in Appendix 52 of his opinion. You had said earlier that there was case law that decided this issue. Are you referring to our court's case law? I mean, our court's case law, I think the only precedential decision I'm aware of is Oliver and it's footnote 6 in Oliver. Do you have something else? Sure. So the Court of Federal Claims discussed the... Do you have any other cases from this court? Sure. So in this court, the Burns case in 1990... Sorry, I couldn't hear you. Which case? The Burns case in 1993 considered a ruling on the record after there was a hearing for the fact witness only. And then there's the Oliver case in 2018. But in the interim, there are quite a few decisions that we look to from the Court of Federal Claims that have interpreted first vaccine act provision 12D, and then the rules promulgated under that, specifically 8D and 3B. And 3B is the one that affords petitioner or either party kind of the due process protections that petitioner appears to be concerned with in this particular case. I'd like to respond additionally to the appellant's argument in the reply brief I made today that it is not entirely clear when motions for summary judgment are to be used in this program. I think the Jay and Szymanski opinions, both from this court, instruct that they are to be used when one of the parties wants to move for judgment in the case prior to the end of the case, or effectively at an arbitrary point in the litigation dictated by the movement and not the special master. The final point that I wanted to address was that appellant's concern about fees in this case. My personal experience is consistent with, in fact, the fee petition for interim fees that appellant's petitioners filed in this case back in 2016, in that the majority of fees requested for reimbursement were from petitioners' counsel and expert witnesses. The petitioners themselves only requested $250 in reimbursement. And so in this particular case in March of 2016, the petitioners were awarded $81,000 in fees reimbursement. And petitioner seems to make the argument that they would potentially not be able to recover additional fees in addition to that amount. But I will point out that Section 15E of the Act permits special masters to make discretionary awards of attorney's fees and costs, even when a petitioner is unsuccessful, if the court determines that the petition was brought in good faith and that there was a reasonable basis for the claim. And reasonable basis is addressed, the standard for that is addressed by the Simmons case, which is a case from this court in 2017. As an example of when that procedure has been used before, the Pope case that is discussed frequently by the special master in his opinion, even though entitlement wasn't lost in that case. Is he asking us to decide anything about fees? Or are you just telling us that if he wants fees, more fees, he can go back to the special master? I'm saying that if additional fees are requested, he can go back to the special master. It's not even before us, though. It's a question of, it might go into... I get you're trying to provide us helpful context, but I'm not sure we asked about that. Okay. Thank you. I mean, unless there are any additional questions by the panel, the Secretary respectfully requests that the Court of Affair, that the opinion be affirmed. All right. Thank you. I think you have a little bit over a minute. Thank you, Your Honor. So, according to the government, they get to decide whether or not the opposing party, the petitioner, gets the protections of the rules, the summary judgment rule, Rule 56. Okay, that's their position now. You can ask for one. You didn't ask for a summary judgment hearing. No, I did not. Well, how can you complain about it here? I think according to the government, the special master gets to decide when he thinks the record is sufficiently developed for him to make a decision. And if you want to object, you can, and that can be reviewed by the Court of Federal Claims and by us. Okay, but the question is, do you review it under Rule 56 standard or not? That's the question. Review what? Review what? The special master's decision. Whether or not to grant you summary judgment when you have moved for summary judgment? We don't have that situation before us. No, no. The special master's decision to decide the record is sufficiently developed that I don't need an oral hearing? Right. Well, no, not even that. They moved for summary judgment. They didn't move for summary judgment. They moved for a decision on the written record. If the special master had thought that the record wasn't sufficiently developed, or if you had objected and wanted to put in additional written testimony, additional evidence, or requested a hearing, you're allowed to do that. The special master is the one that got to make the final call. You're suggesting that the government is controlling this. It's just inconsistent with what happened here. The special master determined that he did not need oral testimony. If that's the decision you're objecting to, then you could have objected to that decision and said it was an abuse of discretion. But that's not the argument you presented. So under that circumstance, where a petitioner objects to a ruling prior to the hearing, is Rule 56 triggered? That's my question to this court. Let me ask you a question, just to be clear. You didn't challenge any of the merits of the decision, correct? You're only bringing on appeal the procedure. The appeal is of not granting us the protection of Rule 56 when you viewed the evidence. That is true. However, we disagree across the board with this fact-finding. I mean, it's in our statement of facts. Okay. Thank you very much. Thank you. That's it for arguments today. We have everybody's arguments and briefs. This court now remains in recess. All rise.